# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN C. DUVALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-29-F |
| ) | |
| ) | |
| JEFF TROUTT, et al., ) | |
| ) | |
| Defendants. ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a Missouri state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights; he also brings claims sounding in tort under Oklahoma law. United States District Judge Stephen P. Friot has referred the matter to the undersigned magistrate judge for preliminary review, for conducting any necessary hearings, including evidentiary hearings, for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters as referenced in 28 U.S.C. § 636(b)(1)(B) and (C).

Currently before the Court is Plaintiff's Motion for Summary Judgment. ECF No. 29. In a Report and Recommendation issued on August 29, 2014, the undersigned recommended that the motion be denied. This Supplemental Report and Recommendation supersedes that earlier Report and Recommendation, and has been prepared in order to address the brief in support of Plaintiff's motion for summary

judgment. However, the recommended disposition remains the same, and for the reasons set forth below it is recommended that Plaintiff's motion for summary judgment be **DENIED.**

## I. BACKGROUND

Plaintiff is an Interstate Corrections Compact Offender from the State of Missouri who is confined at James Crabtree Correctional Center ("JCCC") in Helena, Oklahoma. Plaintiff names two defendants: Jeffrey Coy Troutt, identified as a physician at JCCC; and Kaytryna Frech,[1] identified as Correctional Health Service Administrator at JCCC and the immediate supervisor of Defendant Troutt. ECF No. 41:1-2. Plaintiff's claims stem from the events surrounding a fracture of his wrist on December 14, 2012. The pleading currently governing Plaintiff's action is the **Third Amended Complaint**. ECF No. 41.

The Third Amended Complaint contains eight counts. Plaintiff first alleges "excessive force" based upon his allegation that when he broke his wrist on December 14, 2012, and reported to the medical department for treatment, Defendant Troutt "violently shook" his arm. ECF No. 41:7. Second, Plaintiff alleges the tort of battery based on this same incident. ECF No. 41:8. Third, Plaintiff alleges intentional infliction of emotional distress based on his allegation that Defendant Troutt did a "Robert Barone"

---

[1] Defendant Frech has not yet been served. By separate order, Plaintiff has been given a permissive extension of time to either effect service on Defendant Frech or show good cause for the failure. Plaintiff has been advised that failure to do so could result in dismissal of his claims against Defendant Frech. ECF No. 66.

imitation when he violently shook Plaintiff's arm. ECF No. 41:8. Fourth, Plaintiff alleges that Dr. Troutt retaliated against him by discontinuing medication when Plaintiff threatened to sue him. ECF No. 41:9. Fifth, Plaintiff alleges deliberate indifference to his medical needs by Defendant Troutt's delaying surgery for his broken wrist. ECF No 41:9. Sixth, Plaintiff alleges that Defendant Frech failed to supervise Defendant Troutt. ECF No. 41:11. He repeats this same allegation in his seventh count. ECF No. 41:12. Eighth, and finally, Plaintiff alleges that Defendant Frech refused to allow Plaintiff to see a physician other than Dr. Troutt in retaliation for Plaintiff suing Defendant Troutt. ECF No. 41:12.

Officials from the Oklahoma Department of Corrections filed a Special Report pursuant to *Martinez v. Aaron,* 570 F.2d 317 (10th Cir. 1978) on May 2, 2014. ECF No. 28. Plaintiff filed his motion for summary judgment on May 15, 2014. ECF No. 29. Subsequent to his motion, Plaintiff filed his Third Amended Complaint. ECF No. 41. Although it appears that Plaintiff's motion for summary judgment has been rendered moot by his subsequent amendment, the undersigned need not make that determination as the motion should be denied for failure to comply with the rules governing motions for summary judgment.

## II. PROCEDURAL POSTURE

Before addressing Plaintiff's motion for summary judgment, the procedural posture of this action must be taken into consideration. At the time Plaintiff filed his motion for summary judgment on May 15, 2014, the pleading governing this action was

the *Second Amended Complaint.* ECF No. 16. The day after Plaintiff's motion for summary judgment was filed, Defendant Troutt filed a motion to dismiss/motion for summary judgment. ECF No. 31.

After both dispositive motions were filed, Plaintiff again asked for and was granted leave to file a third amended complaint. ECF Nos. 34, 40. In light of this motion, Defendant Troutt requested an extension of time to file a response to Plaintiff's motion for summary judgment and such was also granted. ECF Nos. 36, 40. Plaintiff's Third Amended Complaint was filed on June 11, 2014. ECF No. 41. Thereafter, Defendant Troutt filed a motion to dismiss/motion for summary judgment directed to the Third Amended Complaint. ECF No. 43.

### III. DISCUSSION

Under Rule 56 of the Federal Rules of Civil Procedure, a party seeking summary judgment must follow certain procedures:

> **(1) *Supporting Factual Positions*.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). This Court's local rules also address the requirements for a motion for summary judgment:

> The brief in support of a motion for summary judgment (or partial summary judgment) shall begin with a section that contains a concise statement of material facts to which the moving party contends no genuine issue of fact exists. The facts shall be numbered and shall refer with particularity to those portions of the record upon which movant relies.

Local Civil Rule 56.1(b).

In his motion and brief in support, ECF Nos. 29, 30, Plaintiff states that he is entitled to judgment as a matter of law on his counts alleging excessive force, battery, intentional infliction of emotional distress, and retaliatory conduct. ECF No. 29:1. He also states that he is entitled to summary judgment because the grievance procedures of the Oklahoma Department of Corrections were made "unavailable" through no fault of his own. Finally, he seeks summary judgment "that the Oklahoma Governmental Tort Claims Act, GTCA, is inapplicable to the State Tort Claims brought herein against Defendant Troutt." ECF No. 29:1 (citation omitted). "[T]hose portions of the record upon which movant relies" consist almost entirely on his Second Amended Complaint, which was superseded upon the filing of his Third Amended Complaint. *See* ECF No. 30.

Since the filing of Plaintiff's Motion for Summary Judgment on May 15, 2014, he amended his complaint three times—and there is a motion requesting leave to file a fourth amended complaint currently pending. After Plaintiff filed his Third Amended Complaint, Defendants filed a motion to dismiss/motion for summary judgment directed

to that pleading, ECF No. 43, and Plaintiff has responded. ECF No. 51. Replies have also been filed. ECF Nos. 53, 54.

In light of the posture of this case, including the pending motion to dismiss and fourth motion to amend the complaint, the Court finds that Plaintiff's motion for summary judgment should be denied at this time without prejudice. If Plaintiff's claims survive dismissal, he may refile his summary judgment motion with proper citations to the Third Amended Complaint. *See Jenkins-Dyer v. Wood*, 13-CV-2489-JAR, 2014 WL 4261279 (D. Kan. Aug. 29, 2014).

## RECOMMENDATION

In light of the foregoing, it is recommended that the **Plaintiff's Motion for Summary Judgment, ECF No. 29 be DENIED.** The parties are advised of their right to file specific written objections to this Report and Recommendation. See 28 U.S.C. § 636 and Fed. R. Civ. P. 72. **Any objections should be directed to this Supplemental Report and Recommendation, as the earlier recommendation has been superseded**. Any such objections must be filed with Clerk of the District Court by **September 22, 2014.** The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This report and recommendation **does not dispose of all issues** referred to the undersigned Magistrate Judge in this matter.

**ENTERED** on September 3, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE