IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN C. DUVALL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-14-29-F |
| JEFF TROUTT, et al., | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a Missouri state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging violation of various constitutional rights. Plaintiff has also included claims under Oklahoma law. United States District Judge Stephen P. Friot has referred the matter to the undersigned magistrate judge for preliminary review, for conducting any necessary hearings, including evidentiary hearings, for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters as referenced in 28 U.S.C. § 636(b)(1)(B) and (C).

Currently before the Court is Defendant Troutt's second motion to dismiss/motion for summary judgment[1] to which Plaintiff has responded. ECF Nos. 43, 51. Defendant Troutt has also filed a reply. ECF No. 54. Thus, the motion is at issue and

---

[1] Defendant Troutt filed an earlier motion to dismiss/motion for summary judgment on May 15, 2014. **ECF No. 31**. However, Plaintiff subsequently amended his complaint, ECF No. 41; Defendant Troutt then filed the motion now under consideration. ECF No. 43. Because of the amendment, it is recommended that Defendant Troutt's earlier dispositive motion, **ECF No. 31,** be **DENIED AS MOOT.**

ready for disposition. For the following reasons, it is recommended that Defendant Troutt's motion for summary judgment be **GRANTED**.

## I. BACKGROUND

Plaintiff is an inmate confined at James Crabtree Correctional Center ("JCCC") in Helena, Oklahoma. Plaintiff names two defendants: Jeffrey Coy Troutt, identified as a physician at JCCC; and Katryna Frech,[2] identified as Correctional Health Service Administrator at JCCC and the immediate supervisor of Defendant Troutt. ECF No. 41:1-2. In his eight-count complaint, Plaintiff first alleges "excessive force" based upon his allegation that when he broke his wrist on December 14, 2012, and reported to the medical department for treatment, Defendant Troutt "violently shook" his arm. ECF No. 41:7. Second, Plaintiff alleges the tort of battery based on this same incident. ECF No. 41:8. Third, Plaintiff alleges intentional infliction of emotional distress based on his allegation that Defendant Troutt did a "Robert Barone" imitation when he violently shook Plaintiff's arm. ECF No. 41:8. Fourth, Plaintiff alleges that Dr. Troutt retaliated against him by discontinuing medication when Plaintiff threatened to sue him. ECF No. 41:9. Fifth, Plaintiff alleges deliberate indifference to his medical needs by Defendant Troutt's delaying surgery for his broken wrist. ECF No 41:9. Sixth, Plaintiff alleges that

---

[2] Defendant Frech has not yet been served. By separate order, Plaintiff was given a permissive extension of time to either effect service on Defendant Frech or show good cause for the failure. However, for reasons explained herein, it is recommended that Plaintiff's claims against Defendant Frech be summarily dismissed. Accordingly, the undersigned hereby withdraws the permissive extension of time to serve her. *See* ECF No. 72:6.

Defendant Frech failed to supervise Defendant Troutt. ECF No. 41:11. He repeats this allegation in his seventh count. ECF No. 41:12. Eighth, and finally, Plaintiff alleges that Defendant Frech refused to allow Plaintiff to see a physician other than Dr. Troutt in retaliation for Plaintiff suing Defendant Troutt. ECF No. 41:12.

Officials from the Oklahoma Department of Corrections filed a Special Report pursuant to *Martinez v. Aaron,* 570 F.2d 317 (10th Cir. 1978) on May 2, 2014. ECF No. 28. Defendant Troutt has moved for dismissal/summary judgment on six grounds. ECF No. 43. Because the undersigned has considered matters outside of the pleadings, Defendant Troutt's motion has been considered under the standards governing motions for summary judgment. Because the undersigned finds Defendant Troutt's fifth ground in support of his motion for summary judgment to be dispositive, the discussion below will be limited to the issue of exhaustion of administrative remedies.

## II. STANDARD GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court views the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382,* 462 F.3d 1253, 1258 (10th Cir. 2006). While the court liberally construes a pro se plaintiff's complaint, a pro se plaintiff must adhere to the same rules of procedure that are

binding on all litigants. *Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir. 2007). Thus, a pro se plaintiff must comply with the requirements of Fed. R. Civ. P. 56. With respect to those requirements, the Supreme Court has instructed:

> the plain language of Rule 56 ... mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986).

When a defendant asserts an affirmative defense—such as the failure to exhaust administrative remedies—in a motion for summary judgment, he or she "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil,* 105 F.3d 562, 564 (10th Cir. 1997). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact. If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Id.*

### III. DISCUSSION

**A. The Exhaustion Requirement**

The Prison Litigation Reform Act of 1995 (PLRA) requires a prisoner to exhaust all available administrative remedies before resorting to a § 1983 action in federal court.

4

Specifically, 42 U.S.C. § 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* "[E]xhaustion is mandatory under the PLRA and ... unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2007). A prisoner, such as Plaintiff, successfully exhausts administrative remedies by completing the administrative review process established by the prison grievance procedure. *Id.* at 218. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002). "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Okla. State Penitentiary,* 511 F.3d 1109, 1112 (10th Cir. 2007). Courts, however, "are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar–Avellaveda v. Terrell,* 478 F.3d 1223, 1225 (10th Cir. 2007).

When determining whether administrative remedies have been exhausted, the Court must look to the grievance process at the institution to which the inmate is confined. As Plaintiff is confined in an Oklahoma Department of Corrections (ODOC) facility, that process is set forth in the Offender Grievance Process, OP-090124. ECF No.

28-12.³ Plaintiff does not dispute that this policy governs the grievance process in this case. *See* ECF No. 51:3-4.

The ODOC grievance policy first requires an initial, informal attempt to resolve the issue followed by a two-part formal attempt; grievable issues include "actions of staff." *Id.* at ECF No. 28-12:6-7. Attempting an informal resolution starts by speaking with the "appropriate staff within three days of the incident." ECF No. 28-12:7. Next, the offender must file a request to staff within seven calendar days of the alleged incident. ECF No. 28-12:7. The request to staff form allows only one issue per form. ECF No. 28-12:7. If the offender does not receive a response to his request to staff within thirty days, he may file a grievance to the facility head, or the facility's health services administrator, stating that he has submitted a request to staff but received no response. ECF No. 28-12:8; ECF No. 28-12:3 (definition of "reviewing authority").

After receiving a response to the request to staff, the inmate may file a formal grievance to the facility head within 15 days after filing the request to staff, or receiving the facility's response, whichever is later. ECF No. 28-12:9. If an offender does not receive a response from the reviewing authority within thirty days, he may send a grievance to the administrative review authority stating that he filed a grievance but received no response. ECF No. 28-12:10.

---

³ Defendant Troutt notes that ECF No. 28-12 is the version of OP-090124 in effect at the time Plaintiff first pursued his administrative remedies related to any of his claims. Its effective date is January 29, 2013. The previous version, included in ECF No. 28-11, had an effective date of May 24, 2011. Based upon Defendant Troutt's representation that the two versions are almost identical—and the undersigned's failure to see any difference relevant to this dispute—only the later version, ECF No. 28-12 has been cited herein.

Upon receiving the grievance response from the reviewing authority, the inmate may appeal to the administrative review authority asserting either newly discovered evidence or probable error committed by the reviewing authority. ECF No. 28-12:12. The final ruling of the administrative review authority will satisfy the grievance process and the inmate will have exhausted available administrative remedies. ECF No. 28-12:14; *see Thomas v. Parker,* 609 F.3d 1114, 1117 (10th Cir. 2010) ("The ODOC grievance process has a requirement of informal consultation with staff, then three written steps: a Request to Staff form, a formal grievance, and an appeal to the administrative review authority.").

ODOC policy provides that "under no circumstances will the grievance be accepted after 60 days of the incident or the date of the response to the 'Request to Staff' unless ordered by a court, the director, chief medical officer, or their designee." ECF No. 28-12:9. If an offender is untimely with regard to the submission of a grievance, he may make a request to submit it out of time. 28-12:18. To submit a grievance out of time, the offender must prove that he did not timely submit the grievance "through absolutely no fault of his/her own." ECF No. 28-12:19. Furthermore, a request to file a grievance out of time must be submitted within 30 days of denial of the grievance as untimely by the administrative review authority. ECF No. 28-12:18.

**B. Plaintiff's Efforts to Exhaust**

Plaintiff broke his hand on December 14, 2012, and sought medical treatment that same day. ECF No. 28-2:2. The staff member that treated Plaintiff was physician's

7

assistant, John Anglin. ECF No. 28-2:5; ECF No. 51:1. While waiting in the examination room, Plaintiff alleges that Defendant Troutt came in, grabbed his arm, and shook it violently; Dr. Troutt then commented that it really was broken.[4] Third Amended Complaint, ECF No. 41:3.

Plaintiff sent a Request to Staff to "Nurse Amber" on January 3, 2013, stating, "First - I'm not a complainer. Second – I never get mad at an 'oops.' You couldn't pay me enough to take the abuse you guys in medical get each and every day. I think you guys are great! All of you." ECF No. 28-9:2. Under action requested, Plaintiff stated: "Throw this in the trash. But please remember there are a few people around who appreciate the hard and thankless job you guys do!" ECF No. 28-9:2. Defendant Frech responded "[t]hank you Mr. Duvall." *Id.*

Plaintiff admits that the first time he attempted to use the grievance process with regard to his allegation that Defendant Troutt violently shook his arm on December 14, 2012, was on March 28, 2013. ECF No. 51:2; ECF No. 28-9:4. In the request to staff, Plaintiff checked the box stating that he had a lawsuit pending with regard to the matter. ECF No. 28-9:4. Although Plaintiff maintains to this day that this was true, Defendant Troutt has attached a copy of the petition filed in the Missouri state court case cited by Plaintiff; it has nothing to do with any event occurring at JCCC. ECF No. 54-1.

---

[4] Plaintiff describes Defendant Troutt's actions as similar to a fictional character on a network television situation comedy. Because the grant of summary judgment is based upon Plaintiff's failure to exhaust his administrative remedies, Plaintiff's subjective impression of the event as Defendant Troutt's imitation of this fictional character is not material.

Nevertheless, for whatever reason, Plaintiff checked the box on the request to staff form indicating, "I do have a lawsuit of any type pending that relates in any way to this issue." ECF No. 28-9:4. Defendant Katryna Frech returned Plaintiff's "grievance correspondence" on April 4, 2013. ECF No. 28-9:3. According to her response, the request to staff was being returned as unanswered for two reasons: it raised an issue that is not grievable due to the existence of pending litigation; and there was no "action requested"[5] on the Request to Staff form. ECF No. 28-9:3.

Plaintiff admits that he took no action to exhaust his administrative remedies prior to March 28, 2013, making the request to staff untimely. Plaintiff argues that his Request to Staff was returned unanswered "as part of a scheme or artifice design[ed] to frustrate, hinder, or obstruct ... in violation of 18 U.S.C. § 1512." ECF No. 51:2. He submits no evidence supporting this conclusory allegation. He also claims that the ODOC grievance policy does not authorize the return of a "request to staff" unanswered. ECF No. 51:2.

The undersigned finds that Plaintiff has failed to show a genuine factual dispute regarding the reasons the request was returned by Defendant Frech. The reasons given in her response are in accord with ODOC policy. As what can only be referred to as rank speculation, Plaintiff alleges that his Request to Staff was returned as part of a scheme to obstruct justice in violation of federal law. ECF No. 51:2. The undersigned finds that this unsupported and conclusory statement is not enough to create a factual dispute

---

[5] In the space provided for action requested, Plaintiff had written: "I wish to exhaust this issue so I can sue Doctor Troutt for civil rights violations and for civil battery." ECF No. 28-9:4.

9

regarding Plaintiff's failure to properly exhaust his administrative remedies. "What constitutes proper exhaustion under the PLRA is generally a legal conclusion. Legal conclusions, even if made in affidavit form, are not enough to defeat summary judgment. [A plaintiff's] belief that he exhausted cannot defeat summary judgment given uncontradicted evidence that he did not." *Toevs v. Milyard*, 563 F. App'x 640, 643 (10th Cir. 2014).

Plaintiff's other argument, that there is no provision for the return of a request to staff "unanswered", is belied by the policy regarding such requests. Although the term "unanswered" may not appear in the policy regarding informal resolution, the grievance policy pertaining to "Informal Resolution" states that "Informal resolution requires communicating with staff, including submitting a 'Request to Staff,' if the complaint is not resolved. The informal resolution process *precedes submitting a grievance*." ECF No. 28-12:6 (emphasis added). In the same part of the policy governing informal resolution, there is a list of grievable issues. ECF No. 28-12:7. The informal resolution policy further provides that the process must relate to one of the categories of grievable issues, and that *a Request to Staff "may not be submitted about matters that are in the course of litigation* or any categories that are not listed above." 28-12:8 (emphasis added).

The response to the March 28, 2013, Request to Staff stated that Plaintiff's "grievance correspondence" was being returned unanswered. ECF No. 28-9:3. This response to the Request to Staff was in accord with the policy prohibiting such requests

10

when there is litigation pending regarding the matter. Plaintiff also failed to state what action he wanted taken on his request—other than going through the administrative exhaustion process so he could sue Dr. Troutt.

Plaintiff admits that he took no further action to exhaust his administrative remedies regarding Dr. Troutt's alleged action on December 14, 2012. ECF No. 51:3. Plaintiff was no doubt aware that he did *not* have litigation pending regarding Defendant Troutt's actions on December 14, 2012. Yet, for some reason he made no effort to resubmit the request to correct this inaccuracy, or to file a grievance asserting that he did not receive a response to the Request to Staff.

Plaintiff also filed a Request to Staff on May 15, 2013, alleging that his prescription for Naproxen had been discontinued in retaliation for threatening to sue Defendant Troutt. ECF No. 28-10:2. Plaintiff again stated that there was pending litigation regarding the matter, which resulted in the return of the Request to Staff. ECF No. 28-10:2-3. Plaintiff admits that he did not seek any further action. ECF No. 51:4-5.

In light of the undisputed facts, it is clear that Plaintiff did not exhaust his administrative remedies with regard to his federal claims as required by 42 U.S.C. § 1997e(a). Plaintiff may have begun ODOC's grievance procedure but he did not properly complete it. Under these circumstances, Plaintiff "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them." *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (quotation omitted).

Therefore, the Court should grant the motion for summary judgment of Defendant Troutt.

Furthermore, although dismissal of an action on the ground of lack of exhaustion is generally without prejudice, in this case Defendant Troutt has argued in defense of this litigation that Plaintiff has failed to exhaust his administrative remedies—including his failure to comply with the time limits contained in ODOC's grievance policy. *See* ECF No. 43:31. As noted above, ODOC policy provides that "under no circumstances will the grievance be accepted after 60 days of the incident or the date of the response to the 'Request to Staff' unless ordered by a court, the director, chief medical officer, or their designee." ECF No. 28-12:9. From the motion now before the Court, it is obviously Defendant Troutt's position that Plaintiff has procedurally defaulted his administrative remedies. Therefore, the dismissal of Plaintiff's federal claims should be with prejudice. *See Kikimura v. Osagie,* 461 F.3d 1269, 1289 (10th Cir. 2006), *overruled in part on other grounds as recognized in, Robbins v. Oklahoma,* 519 F.3d 1242 (10th Cir. 2008) (observing that "procedurally defaulted" claims "may be dismissed ... with prejudice"). *See also Hinzo v. New Mexico Corr. Dep't,* Fed.Appx., 2014 WL 930873 (10th Cir. 2014) (affirming dismissal of unexhausted claim with prejudice where claim was procedurally defaulted because deadline had expired for submitting grievance); *Garcia v. Joseph,* 404 Fed.Appx. 268 (10th Cir. 2010) (affirming dismissal of prisoner's § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim due to prisoner's failure to exhaust available administrative remedies).

**C. Summary Dismissal of Federal Claims Against Defendant Frech**

Although the undersigned has given Plaintiff an extension of time to serve Defendant Frech, ECF No. 66:3, the same reasons that support dismissal of Plaintiff's federal claims against Defendant Troutt also support dismissal of those claims against Frech. Accordingly, that part of the order allowing additional time to serve Defendant Frech is hereby withdrawn, and it is recommended that Plaintiff's federal claims against Frech, contained in Counts Six, Seven, and Eight be summarily dismissed. *Garcia v. Joseph*, 404 F. App'x 268, 270 (10th Cir. 2010) (affirming dismissal of federal claims against unserved defendants in light of court's granting motion to dismiss of served defendants on grounds that plaintiff had failed to exhaust); 28 U.S.C. § 1915(e)(2)(B).

**D. Pendent Claims**

Plaintiff has also brought claims arising under Oklahoma law. Those claims are contained in Counts Two (battery) and Three (intentional infliction of emotional distress). Having recommended that Defendant Troutt's motion for summary judgment be granted, and that Plaintiff's federal claims against Defendant Frech be summarily dismissed, it is recommended that the Court decline to exercise supplemental jurisdiction over Plaintiffs' pendent state claims for battery and intentional infliction of emotional distress. *See* 28 U.S.C. § 1367(c)(3) (providing that the district court may decline to exercise supplemental jurisdiction over state law claims where it has dismissed all claims over which it had original jurisdiction); *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007); *Tonkovich v. Kansas Bd. of Regents,*

254 F.3d 941, 945 (10th Cir. 2001) (noting that considerations of judicial economy, convenience, and fairness do not favor retaining jurisdiction where there has been a relative lack of pretrial proceedings and a total absence of discovery); *Smith v. City of Enid,* 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant Troutt's motion for summary judgment, **ECF No. 43, be GRANTED,** and that **Plaintiff's federal claims against Defendant Troutt as contained in Counts One, Four, and Five be dismissed with prejudice** for failure to exhaust his administrative remedies. In light of this recommendation, it is further recommended that **all federal claims against Defendant Frech, as contained in Counts Six, Seven, and Eight be summarily dismissed with prejudice**. Finally, it is recommended that the Court **decline** to exercise supplemental jurisdiction over Plaintiff's **pendent state law claims, which are contained in Counts Two and Three, and that they be dismissed without prejudice.** The undersigned notes that Defendant Troutt's previous dispositive motion was filed before Plaintiff's most recent amendment of his complaint. Thus, **ECF No. 31 should be DENIED AS MOOT.** The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by

**October 2, 2014.** The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in this matter.

**ENTERED** on September 15, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE